## HOLT et v MILLER

Ohio Appeals, 2nd Dist, Franklin Co

Decided Oct 25 1937

John W. Berry, Columbus, for plaintiff-appellant.

T. K. and J. M. Lewis, and A. L. Richards, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

The action in Common Pleas Court was in partition. A general demurrer was interposed to the petition and to the amended petition, both of which were sustained. Plaintiffs elected to plead no further, judgment was entered against them. An appeal on questions of law is prosecuted.

The demurrers require a determination of the interests of the plaintiff under the will of their grandmother, Sarah C. Miller. The claim of plaintiffs is that by the terms of Items IV and V of said will, said children are the owenrs in fee of the undivided one-half of the real estate described in the will and more particularly set out in the petition.

The facts appearing in the petitions and necessary to a consideration of the legal question presented are that the decedent died owning the real estate described. The will was made in 1915 and testatrix died October 15, 1919. John M. Miller husband of the testator is dead.

Item I of the will directed payment of debts. Item II devised and bequeathed all property, real and personal, to decedent's husband, John M. Miller, for and during his natural life. Item III related only to personal property and bequeathed it to "two children, Clinton Howard Miller and Lindy Pearlette Holt, share and share alike."

Item IV provided:
"After the death of my said husband I give and devise all my real estate to my two children Clinton Howard Miller and Lindy Pearlette Holt share and share alike, for and during their natural lives or the survivor of them."

Item V:
"After the death of my two children, Clinton Howard Miller and Lindy Pearlette Holt, or the survivor of them, I give and devise all my real estate to my eight grandchildren, Clyde Holt, Viola Holt, Sarah Catherine Holt, Carl Holt, Eva A. Miller, John Clinton Miller, Frances May Miller and Helen Marie Miller, share and share alike for and during their natural lives or the survivor of them."

Item VI:
"After the death of my aforesaid eight grandchildren, or the survivor of them, I give and devise all my real estate to the heirs of said eight grandchildren."

Item VIII:
"I order and direct that no afterborn children of myself or of my two children, Clinton Howard Miller and Lindy Pearlette Holt, shall share in my estate."

Item VIII names John M. Miller executor of the will.

The petitions do not say whether or not both Clinton Howard Miller and Lindy Pearlette Miller survived the testator, although it says that they were both living when the will was made. It does appear, however, that at the time of filing the petition Clinton Howard Miller was living and Lindy Pearlette Holt was dead, leaving the plaintiffs, her children and next of kin.

The claim of the plaintiffs is two-fold: first, that Item IV creates an estate tail and that the plaintiffs, children of Lindy Pearlette Holt, are seized of a fee simple estate in the property described by virtue of former §8622, GC; and second, that the item creates life estates, then the term "survivor of them" should be construed to mean, as to Lindy Pearlette Holt, her children, grandchildren of the testatrix, the plaintiffs herein, the second claim being urged upon the hypothesis that any other construction would be technical and deprive the children of Lindy Pearlette Holt, who should be the natural objects of bounty of the testatrix of that to which they are rightfully entitled.

Two Common Pleas judges held against the claim of the plaintiff. In this conclusion we are satisfied they are correct and that the demurrers were properly sustained.

It is not necessary to discuss the law at length touching the character of the estates considered in the briefs, the technical rules of construction respecting estates tail when they vest, etc. Suffice to say that if it were necessary the briefs are comprehensive and would be very helpful.

We find nothing but the simplest form of expression in this will. The testatrix

evidently said what she meant to say and in so doing offended against no law of which we have any knowledge. It is well stated in a Nisi Prius opinion that:

"Where there is no ambiguity in the express provisions of the will it must be presumed that the testator intended what the will says." Teepen v Schlachter, 18 N.P. (N.S.) 33, affirmed 24 O.C.C. (N.S.) 30.

Evidently everybody mentioned in the will of Sarah C. Miller was in life when the will was made and as there is no averment that any one so mentioned was dead at the date of the death of testatrix it will be presumed that they continued to live until that time. There should, then, be no difficulty in reconciling the devises undertaken to be made by the testatrix and the individuals named to succeed to the estates therein created with the language of the former §8622, GC, which in terms provides:

"No estate in fee simple, fee tail, or any lesser estate, in lands or tenements, lying within this state, shall be given or granted, by deed or will, to any person or persons but such as are in being, or to the immediate issue or descendants of such as are in being at the time of making such deed or will; and all estates given in tail should be and remain an absolute estate in fee simple to the issue of the first donee in tail."

No language employed in the items under consideration is appropriate to create an estate tail. Items II, IV, and V created life estates only and Item VI a fee in the heirs of the grandchildren of testatrix named in Item V.

In no estate has the law been so rigid respecting the language required to create it as a fee tail, wherein the term "heirs of the body" should be used.

But it is said that to permit Clinton Howard Miller to take the life estate which Lindy Pearlette Holt would have enjoyed had she lived, to the exclusion of her children, is inequitable and should not be permitted. Of course, the only answer to this claim is that a testator has a right with which no court can interfere to dispose of his property at his death as he sees fit, so long as it does not offend against any rule of law. Equitable principles have no application whatever to the construction of a will which is plain in its terms.

Item IV is specific in that after the death of testatrix's husband, John Miller, it devises a remainder life estate to Clinton Howard Miller, the son, and Lindy Pearlette Miller, the daughter, share and share alike, and to the "survivor of them." That is to say, a life estate to both and if either dies, then the share which he or she took or would have taken would pass to his or her survivor. This language could not, in common acceptation have included the children of Lindy Pearlette Holt. When the two children of the testator were mentioned in the item in connection with the expression, "survivor of them," Clinton Howard Miller could have no survivor but his sister, Lindy Pearlette Holt, and she could have had no survivor but Clinton Howard Miller. "Survivor" means the longest liver of two or more persons mentioned.

If the item (IV) had any ambiguity as to the meaning of "survivor of them" it would be cleard up by Item V, wherein the remainder life estate is to pass to the grandchildren—children of Lindy Pearlette Holt—"after the death of my two said children or the survivor of them." (Emphasis ours). If "survivor of them" in Item IV were construed to mean as to Lindy Pearlette Holt her children surviving, then Item V is surplusage and without any meaning in directing who and in what proportion they shall take after Lindy Pearlette Holt's death. The items are consistent and both may be given full effect which is essential in the construction of a will if it can be done.

Inasmuch as Clinton Howard Miller has a life estate in all of the real estate described in the petition and was entitled to possession thereof and plaintiffs were but remaindermen, they had no right to have it aparted and therefore stated no cause of action in their petition. Tabler v Wiseman et, 2 Oh St 208; Eberle v Gaier, 89 Oh St 118.

Judgment of the trial court affirmed.

BARNES, PJ, and GEIGER, J, concur.