John H. Weidner, S.
The petitioning executor has asked for a construction of paragraph “third” of the decedent’s will, which provides: “ third : I give, devise and bequeath, all the rest, residue and remainder of my property, both real and personal to my beloved brothers, Llewellyn Robinson, Edward Robinson and G-eorge Robinson and my beloved sisters, Lucy Allen, Mattie Colgrove and Ella Parks, or to the survivor or survivors of *547 them, share and share alike, same to be theirs absolutely and forever.”
The will was executed on January 6, 1948, when the testator was 72 years of age. The decedent died on October 13,1961, and his will was duly admitted to probate in this court on December 13, 1961. When the will was executed, three sisters and one brother of the decedent were already dead. All three deceased sisters left 13 children surviving, who survived the testator. These descendants have not appeared and have no interest in this proceeding. The brother died childless.
At the time of the execution of the will, decedent had three living brothers and three living sisters, all of whom were specifically named as beneficiaries of the residuary estate. Prior to decedent’s death, one brother, Llewellyn Robinson, and one sister, Ella Parks died. Both left descendants surviving the testator. These descendants, hereinafter referred to as respondents, claim the shares of their deceased parents under the anti-lapse statute (Decedent Estate Law, § 29). Their claims are disallowed.
Section 29 provides in part that a testamentary provision for a brother or sister of the testator shall not lapse if such beneficiary dies during the lifetime of the testator leaving a child or descendant who survives the testator. In that event the gift vests in such surviving child or descendant.
Speaking of the original anti-lapse provision in the Revised Statutes (then limited to a child or descendant of a testator), the Court of Appeals said in Pimel v. Betjemann (183 N. Y. 194,199-200): “ There can be no question as to the evil intended to be remedied by this legislation. It was to abrogate in the case of the death of a child before that of the testator the common-law rule that a devise or legacy to him lapsed and to substitute the children of the deceased child for the primary object of the testator’s bounty. This is recognized in all the cases and text books, where it is often said that many testators are ignorant of the common-law rule, and in most cases the rule operates to defeat the intention of the testator. As was observed in the English cases cited it was not enacted to change the construction to be given wills.”
As the court stated, the question of construction still remains, because a testator, by his will, can bar the application of the statute. In Matter of Loeb (34 N. Y. S. 2d 65, 67) Surrogate Foley said: ‘ ‘ The provisions of the section have been uniformly determined to create only an inference or presumption of intention on the part of a testator to benefit the descendant of a legatee who comes within the statutory class of relationship of *548 a descendant or a sister or brother of the testator. It is inapplicable where the testamentary instrument gives evidence of a contrary intent. [Citing cases].”
In the case before this court, the testator by simple, formal and unambiguous language evidenced his intent that only the “ survivor or survivors ” of the named brothers and sisters should share in his residuary estate. Despite this, respondents, in effect, ask this court to excise from the will the survivorship clause. Absent these words, their claims would be allowed, because the statute so directs. However, these words were used by the testator in a will drawn by an experienced attorney. Some meaning must be attributed to them — and the meaning is clear — that survivorship was a condition precedent to the receipt of the residuary estate. If the words are held to be devoid of meaning, then this court would be rewriting the testator’s will. This the court will not do (Matter of Buechner, 226 N. Y. 440).
The decision in Matter of Collins (177 Misc. 80) is squarely in point. 'There, under a clause bequeathing the residuary estate to two named nieces and two named sisters, “ the survivor or survivors of them, share and share alike ”, the Surrogate ruled that the children of a deceased sister did not take their mother’s bequest under section 29 of the Decedent Estate Law, because the testator manifested a contrary intention that only the survivors should take.
Respondents challenge the Collins decision because of the court’s reliance on the decisions in Matter of Neydorff (193 App. Div. 531) and Matter of Northrip (258 App. Div. 71, affd. 282 N. Y. 797). This court believes that such reliance was amply justified.
Even though there was no condition of survivorship in the will in the Neydorff case, the court held that section 29 was not applicable, simply because the testator included “ lapsed legacies ” in disposing of his residuary estate. This court believes that the survivorship clause in the will now being construed is even more meaningful than the language used in the will in the Neydorff ease.
Respondents further urge that the Northrip decision likewise should not be determinative because the court relied substantially on the Neydorff decision. This argument overlooks the obvious fact that the 'Court of Appeals affirmed the decision of the Appellate Division. In so doing our highest court decided, in effect, that the phrase in the Northrip will, “ or unto the survivor of them” barred the application of the anti-lapse *549 statute because testator intended that the gift ‘ ‘ should fall if the contingency of survivorship was not fulfilled ” (p. 72 of the opinion in the Appellate Division).
To overcome this well-settled legal position, respondents find comfort in the decision in Schneller v. Schneller (356 Ill. 89) decided in 1934. In that case, which was decided years prior to the decision of the New York court in Matter of Northrip (supra) the Illinois court construed a bequest to three named children “ or to the survivors or survivor of them, to be distributed equally share and share alike ”. (p. 91). One of said named children predeceased testator, leaving a daughter surviving the testator. By a divided opinion it was held that this granddaughter was entitled to her father’s share under the anti-lapse statute.
This court does not concur in the reasoning in the majority opinion. To avoid a harsh result, the court overemphasizes legislative intent and minimizes the expressed intent of the testator. The reasoning of the dissenting opinion is more persuasive.
The Illinois anti-lapse statute applies only to a gift to a child or grandchild. Possibly there was a strong motivation to find against an “unnatural intention” (p. 96) to disinherit a grandchild, not yet born when the will was executed. Here we are dealing with more remote distributees — nieces and nephews, all in being when the will was executed.
The Schneller decision has been criticized in California (Matter of Todd, 99 P. 2d 690 [Cal.]) and in Montana (Converse v. Byars, 112 Mt., 372). (See, also, Ann., 92 A.L.R. 846 and Ann. 63 A.L.R. 2d 1190).
In the American Law Reports (vol. 92, pp. 846, 860) it is said: “ The view of the Illinois court, that words of survivorship are not sufficient to defeat the operation of the statute against lapses, seems to have been carried to rather extreme lengths ’ ’.
Aside from controlling legal precedent, the basic effort of this court has been to discover the intent of the testator as expressed in his will. The intent must be determined by what was apparently or presumably in the testator’s mind when he made the will (Matter of Hoffman, 201 N. Y. 247). This intent may be gleaned in part from the facts and circumstances under which this provision of the will was framed.
One of the significant facts is that at the time the will was executed six brothers and sisters were living but three other sisters had already predeceased the testator leaving 13 children surviving. No provision was made for these 13 nieces and *550 nephews, except for the nephew, Charles Gillette, who was given a bequest of $3,000 (par. second), and who was also named as executor.
This intentional omission of these children of deceased sisters strongly suggests that the testator did not intend to benefit the descendants of any brothers and sisters named in the will who might predecease him. Nothing in the will or in the evidence justifies a conclusion that the testator intended to benefit one group of nieces and nephews and to deny such benefits to another group of nieces and nephews.
If we seek any consistent pattern of beneficence, it is patently clear that, with but one exception, the testator sought only to benefit such of his brothers and sisters who survived him, to the exclusion of any of their children or descendants. This court finds that the testator had no intention of benefiting children or descendants of deceased brothers and sisters.
Therefore, on the law and the facts, paragraph “ third ” of this will is construed as devising and bequeathing the entire residuary estate to Lucy Allen, Edward Robinson, George Robinson and Mattie Colgrove, the surviving brothers and sisters of the testator, to the exclusion of the children and descendants of the brother and sister who predeceased him.