OWEN, Judge.
Shortly after Amy Gallop died in May, 1969, her will (executed in 1960) was duly admitted to probate in the County Judge’s Court of Palm Beach County. As a result of a petition seeking a determination as to the beneficiaries of the residue of the estate, the county judge entered two orders, the first of which determined the petitioner to be a beneficiary, and the second of which vacated the earlier order and made a determination adverse to the petitioner. An appeal was taken from each of the orders and the two have been consolidated here.
The residuary clause provided as follows :
“ELEVENTH: All the rest, residue and remainder of my estate, both real and personal and wherever situated, I give, devise and bequeath in equal shares to my cousin, MRS. A. B. MARSH (sic), 626-37th Street, West Palm Beach, Florida, my cousin, OLA SUMMERS, 5820 S.W. 38th Street, Coral Gables, Florida, and my half-sister, GOLDIE MIDDLETON, 17457 Park Mount Avenue, Cleveland, Ohio.
“In the event my said cousins or my half-sister should predecease me, then and in that event I give, devise and bequeath the share of such deceased to the survivors of my cousins and half-sister.”
Mrs. A. B. Marsch and Goldie Middleton survived the testatrix, but the other beneficiary named in the residuary clause, Ola Summers, had predeceased the testatrix by approximately six months. Esther L. Lee, the daughter and only heir of Ola Summers, deceased, filed a petition in the probate court seeking an order declaring the petitioner to be the beneficiary of one-third of the residue.
On June 4, 1970, the court entered an order entitled “Judgment for Petitioner” adjudging petitioner Esther L. Lee (as the sole heir-at-law of Ola Summers), entitled to a one-third share of the residue of the estate. The guardians of Goldie Middleton timely appealed this judgment which is our case No. 70-553.
After filing notice of appeal from the judgment of June 4, 1970, the guardians of Goldie Middleton on July 23, 1970, filed in the probate court a motion pursuant to Rule 1.540 R.C.P., 31 F.S.A. seeking relief from the judgment of June 4, 1970. The ground asserted was that the court had inadvertently signed the form of judgment *688 for petitioner as prepared and submitted by her attorneys through an oversight when at the time the court had intended to enter a judgment adverse to the petitioner, Esther L. Lee. After hearing on this motion, the court entered its order of August 26, 1970, stating that the order of June 4, 1970, having been entered through inadvertence, oversight and mistake on the part of the court, the same was therefore vacated and set aside. The order thereupon determined that the residue of the estate of Amy B. Gallop would pass in equal shares to such of the persons named in the residuary clause as actually survived the testatrix, namely Mrs. A. B. Marsch and Goldie Middleton. From this order Esther L. Lee has appealed, which is our case No. 70-756.
The principal question raised in the appeal from the order of August 26, 1970, is whether the probate court had jurisdiction to set aside and vacate the order of June 4, 1970, after an appeal from that order had been taken to this court. However, that question does not need to be decided. The merits of the June 4 order are properly before us for determination and any decision we make on the merits of that order will be dispositive of the case. If the June 4 order was correct, then the August 26 order was erroneous irrespective of whether the court had jurisdiction to enter it. If the June 4 order was incorrect and therefore must be reversed, the result will be the same as that reached in the August 26 order, rendering moot the question of the court’s jurisdiction to enter it. Consequently, we direct our attention only to the substantive question raised by the appeal from the June 4 order.
The question here is whether the testatrix intended the phrase “survivors of my cousins and half-sister” to create a bequest only to such members of the group of named beneficiaries as survived the testatrix, or whether she intended by such language to include as beneficiaries the heirs at law of any member of the group who might predecease her. We conclude that the first of these two alternatives is the proper view, a conclusion which is contrary to that reached by the trial court in the order of June 4 but identical to that reached by the court in the order of August 26.
We quote with approval the following language and quoted authorities used by the Supreme Court of South Carolina in its opinion in the case of Croft v. McKie, 1959, 235 S.C. 231, 111 S.E.2d 210, at 213:
“[3] Unless there is something in the context of the instrument or attendant circumstances showing a different intention, the authorities are generally to the effect that the word ‘survivor’ should be given its literal interpretation as meaning one who outlives another, one of two or more persons who live after the other or others have died. We quote from some of them.
‘To survive another is to outlive such other. * * * A gift to survivors, after a life estate, enures only to those who are alive at distribution. The word ‘survivors’, when used of a class, is limited to the individuals of such a class, and does not include their children.’ 3 Page on Wills, 174, Section 1037.
* * * * * *
“The word ‘survivor’ will usually exclude representatives so that the last survivor of a class will take the whole share of one dying although others of the class have all died leaving issue. Shouler on Wills, Executors and Administrators, Sixth Edition, Volume 2, Section 1060.
“In the absence of any contrary intention shown by the will, the terms ‘surviving,’ ‘survivors,’ and the like, used in provisions for gifts over of the share of legacy of a deceased beneficiary or the remainder thereof, are generally given their literal meaning so as to apply to those designated beneficiaries or members of the designated class who outlive such deceased beneficiary and so as not *689 to include children or issue of a beneficiary who predeceased such deceased beneficiary, the distribution of whose share of the remainder thereof is in question, and, in accordance with this view, the propriety of refusing to construe such terms of survivorship as ‘other’ or ‘others’ has been recognized.” 96 C.J.S. Wills § 732.
Nothing appears in Amy Gallop’s Will to show that she intended the word “survivor” to be given any interpretation other than its literal and common meaning.
In Hummed v. Hummed, 241 N.C. 254, 85 S.E.2d 144 (1954) the court construed the following clause:
“At my death I desere everything I possess or may possess both real & personal or mixed to be equally deveded between my children, Magdalene, Leslie Ray Louis and Elizabeth Hummed Briggs or survivors— * * *”
Leslie Ray Hummed predeceased the testatrix, leaving three sons. The lower court found that the three sons of Leslie Ray Hummed were entitled to his share of the testatrix’s estate. The Appellate Court reversed, stating:
“We have sought in vain for authority upon which to hold the grandsons of the testatrix can share in her estate. Lapsed legacy statutes offer no help. If the will had named the four children and omitted the words ‘or survivors’ the statutes would apply and the children of Leslie Ray would take the share intended for their father. Mrs. Hummed made the gift in her will to her four named children, or survivors. Only Magdalene Hummed, Lewis Hummed, and Elizabeth Hummed Briggs can qualify as survivors. * * *”
In Holt v. Miller, 33 N.E.2d 19 (Ohio App.1937) the court considered Item IV of the will which devised a remainder life estate to Clinton Howard Miller, the son, and Lindy Paulette Miller, the daughter, share and share alike, and to the “survivor of them”. The court stated:
“This language could not, in its common acceptation, have included the children of Lindy Pearlette Holt. When the two children of the testator were mentioned in the item in connection with the expression, ‘survivor of them’, Clinton Howard Miller could have no survivor but his sister, Lindy Pearlette Holt, and she could have no survivor but Clinton Howard Miller. ‘Survivor’ means the longest liver of two or more persons mentioned.”
Consistent with the view we have expressed herein, the Florida Probate Law uses the term “survivor” to mean the survivor or last living of a designated group rather than the heirs at law of a deceased member of that group. As an example, see F. S. Section 731.23(4), F.S.A. (establishing the order of dissent and distribution) which provides, “If there is none of the foregoing, to the father and mother equally, or to the survivor of them.”
In summary, we hold that since no contrary intention appears in the instrument itself, the language used in the residuary clause of the will should be given its plain literal meaning and when so applied requires the holding that the only beneficiaries of the residue are those members of the group of named beneficiaries who survived the testatrix, namely Mrs. A. B. Marsch and Goldie Middleton. This holding requires that the order of June 4, 1970 (Case No. 70-553) be reversed. Ordinarily in a reversal of this type, upon remanding we would require the entry of an order consistent with the views expressed in the opinion. In this case the probate court’s own order of August 26, 1970 is precisely in accord with our decision and opinion herein expressed. Consequently, as a matter of simple expediency we affirm the order of August 26, 1970 (Case No. 70-756) *690 as effecting the proper disposition of the residuary estate.
Case No. 70-SS3 Reversed. Case No. 70-756 Affirmed.
CROSS, C. J., and MAGER, J., concur.