533 A.2d 1336

**Charles B. SAIA**

v.

**Gloria SAIN.**

**No. 387, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Dec. 4, 1987.

Darrel L. Longest (Joseph F. Schanno and Mann, Longest & Gavin, P.A., on the brief), Rockville, for appellant.

Ralph W. Powers, Jr., Upper Marlboro, for appellee.

Argued before WEANT, GARRITY and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Appellant, Charles B. Saia, appeals from a judgment rendered by the Circuit Court for Prince George's County. Appellee, Gloria E. Sain, sought a declaratory judgment that the residuary clause of Sadie Cataldi's will was void. Ms. Sain requested an injunction against the personal representative prohibiting any distribution of estate assets. At the conclusion of Ms. Sain's case, the court found that the

residuary clause was patently ambiguous and therefore unenforceable.

On appeal, appellant raises four issues. The first issue asks:

"Is a bequest to 'survivors' of a class or group of designated beneficiaries in the residuary clause of a Will restricted to surviving members of the class or group as a matter of law, and is such a bequest ambiguous?"

Since we agree with appellant that such a bequest is not ambiguous and is restricted to surviving members of the group, we need not and do not reach the other issues.

## FACTS

Sadie Cataldi died in October, 1983. By her will dated October 25, 1980, she made a specific bequest of $1,000 to the Franciscan Monastery. The balance of the estate was to pass by way of the residuary clause in her will, as follows:

"All the rest, residue, and remainder of my estate, I give, devise, and bequeath in equal shares to the survivors of the following: Charlie B. Saia (my nephew), Grace Saia Carr (my niece), Margaret Saia (my niece), Annette Belford (my niece), Richard E. Caperna (my grand-nephew), Charles Citrano, Jr. (my nephew), Wendi Louise Carr (my great-niece), and Rosaline Grauso (my niece)."

The appellant is one of the eight individuals named by Sadie Cataldi in the residuary clause. Appellee is an heir at law but not one of the legatees, nor is she a descendant of any of the legatees.

## RESIDUARY CLAUSE

The basic issue in the case *sub judice* is whether the word "survivors" is subject to a precise and definite meaning or whether it is so ambiguous as to render the residuary clause unenforceable. We hold that the word "survivors," when used to limit a group, is not ambiguous but is subject to a precise definition.

The Court of Appeals of Maryland has not hesitated to interpret the word "survivors" as found in a testamentary clause. In *Ross v. Safe Deposit & Trust Co.,* 168 Md. 65, 176 A. 483 (1934), the testator set up an elaborate scheme of disposition, leaving a significant share of his estate to his six children. The will then provided:

"But if any of my sons shall die before he or they shall have received the whole of the property I hereby give to him or them; or if any of my daughters shall die without issue living at the time or times of her death or their deaths, then shall the trustee hold the property belonging to him, her or them thus dead, *in trust for the use of the survivors,* in the same manner, and for the same estates and purposes, as those above mentioned." (Emphasis added.)

The issue before the Court was whether the word "survivors," as found in that provision, was limited to the testator's six children or did it include his grandchildren. In holding that the provision only applied to his children, the Court said:

"These children are the six specifically named members of a group to take the share of any child in the group that had fallen in on the happening of the particular contingency created by the will.... *A survivor is one who continues to live after the death of those who comprise his group* ... it seems to us to be clear law as well as good sense that, in a case like this, where there is an ultimate limitation upon a contingency to a group of persons plainly described, and there is a person answering the description *in esse* when the contingency happens, that person alone can take." (Emphasis added.)

*Ross,* 168 Md. at 72–73, 176 A. 483.

Numerous other states have been asked to interpret testamentary clauses using the word "survivors." In *Croft v. McKie,* 235 S.C. 231, 111 S.E.2d 210 (1959), the testator left each of his seven children a tract of land for his or her "sole and separate use." The will provided:

"If any of the children should die childless, 'her or their share shall revert to my estate for division among the survivors.' "

*Croft,* 111 S.E.2d at 211.

In interpreting the word "survivors" in that provision, the Court said:

"Unless there is something in the context of the instrument or attendant circumstances showing a different intention, the authorities are generally to the effect that the word 'survivor' should be given its literal interpretation as meaning one who outlives another, one of two or more persons who live after the other or others have died."

*Croft,* 111 S.E.2d at 213.

Similarly, in *Holt v. Miller,* 33 N.E.2d 19 (Ohio App.1937), the Court considered a provision of a will which devised a remainder life estate to the testatrix's two children, Clinton Howard Miller and Lindy Pearlette Miller, share and share alike, and to the "survivor of them." The Court stated:

"This language could not, in its common acceptation, have included the children of Lindy Pearlette Holt. When the two children of the testator were mentioned in the item in connection with the expression, 'survivor of them', Clinton Howard Miller could have no survivor but his sister, Lindy Pearlette Holt, and she could have no survivor but Clinton Howard Miller. 'Survivor' means the longest liver of two or more persons mentioned."

*Holt,* 33 N.E.2d at 21; *see also Hummell v. Hummell,* 241 N.C. 254, 85 S.E.2d 144 (1954).

More recently, in *Estate of Carlson,* 39 Ill.App.3d 281, 350 N.E.2d 306 (1976), the Court construed the following clause:

"I give, devise and bequeath all of my property of every kind and nature to my niece and nephew, Barbara Ann Carlson and Bernard D. Carlson, and the nephew of my

wife, William Perry Filbert, or their survivors or survivor, share and share alike."

*Estate of Carlson,* 350 N.E.2d at 307–08.

The principal issue in the case was whether the words "their survivors or survivor, share and share alike," created an ambiguity requiring construction of the will. *Estate of Carlson,* 350 N.E.2d at 308. The Court, finding no ambiguity, said:

"When the term 'survivor' is used in conjunction with a gift to a group or class of beneficiaries, under the common law the survivorship clause of the will is deemed to indicate the intention of the testator that, should any member of the class predecease the testator, the share of the deceased beneficiary goes to the remaining named members of the class, rather than to this [sic] children or issue of the predeceased beneficiary."

*Estate of Carlson,* 350 N.E.2d at 309. *See also In re Estate of Gallop,* 248 So.2d 686 (Fla.Dist.Ct.App.1971).

Thus, the case law supports our holding that the word "survivors" is not ambiguous but is readily definable.

Finally, the leading authorities agree on the precise definition of "survivors." We quote from some of them:

"To survive another is to outlive such other.... A gift to survivors, after a life estate, enures only to those who are alive at distribution. The word 'survivors,' when used of a class, is limited to the individuals of such a class, and does not include their children."

4 Page, *Wills,* § 34.32 (4th ed. 1961 & Supp.1986).

"The primary and literal meaning of the word 'survive' is to outlive another person or live beyond a designated date or the happening of a designated event, and the literal meaning of 'survivor' is one who so outlives another person, etc. It is generally held that in the absence of an expression of a contrary intention, their primary meaning is to be attributed to the words in question, when they are used in wills. Under some circumstances the English courts uphold a construction of the term 'survivor' to

mean 'other,' but American judges have been very reluctant to countenance this reading of the word."

80 Am.Jur.2d *Wills* § 1228 (1975).

"The word 'survivor' and the like may refer to the one who shall survive or outlive another, or to the 'longer liver' or 'longest liver' of two or more.... Whether or not the words 'survivor,' 'surviving,' and the like are to be given a literal construction depends largely on the intention of the testator. Such words are given their natural, ordinary, or literal meaning when not explained by the context, where there is nothing in the will requiring a different construction, or where such meaning is in accordance with the will as a whole ... such words will be construed according to their usual and common acceptation unless a different meaning plainly appears to have been intended.... The view has been expressed, however, that the construction as 'other' is a forced construction, and that the literal meaning is preferred to such construction in the absence of any provision of the will requiring that construction."

96 C.J.S. *Wills* § 729 (1957).

"The word 'survivor' means one who outlives another; one of two or more persons who lives after the other or others have died. But in some cases, although *not* in Maryland, in order to carry out the intention of the testator ... the word 'survivors' has been held to mean 'others'.... In order to read 'survivors' as meaning 'others' there must be an ultimate gift over, or some other indication of manifest intention to oust the ordinary and natural interpretation...." (Emphasis added.)

Miller, *Construction of Wills*, §§ 272, 276 (1927).

In the case *sub judice*, the testatrix, with the exception of $1,000, left her entire estate "to the survivors" of eight named individuals. There is no indication in the will that the testatrix intended that anyone but those eight persons share in her estate. Case law, including that found in Maryland, and numerous treatises have not hesitated to attach a precise and definite meaning to the word "surviv-

ors." In this case, the word "survivors" is readily subject to its primary meaning of one who outlives another; it is limited to the individuals of a class and does not include their children. Those persons listed in the residuary clause and alive at the time of the testatrix's death are entitled to take equal shares under the will.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.