PER CURIAM.
The question on this appeal is who is entitled to the remainder of the estate of Lucia Porter Myrick where Myrick’s last will and testament devised such remainder to her two sisters and her brother equally with the proviso that “[i]f either of my sisters or my brother shall not survive me, then I bequeath and devise the said property in fee and in equal shares unto the survivor or survivors of them.”
*100 Mynck was survived by her two sisters. Myrick’s brother, William Porter, predeceased Myrick and left three children— Priscilla Porter, Mary Ann Mandell, and William J. Porter, Jr. Porter’s children and Myrick’s sisters each claimed that they, as the survivors of Porter, were entitled to his one-third share of the remainder. The trial court ruled that Myrick’s sisters were entitled to Porter’s share. We affirm.
The parties agree that nothing appears in Myrick’s will and there are no other circumstances to show that she intended the word “survivor” to be given any meaning other than its literal or common one. That being so,
“the authorities are generally to the effect that the word ‘survivor’ should be given its literal interpretation as meaning one who outlives another, one of two or more persons who live after the other or others have died.
[[Image here]]
“ ‘The word ‘survivors’, when used of a class, is limited to the individuals of such a class, and does not include their children.’ 3 Page on Wills, 174, Section 1037.
[[Image here]]
“The word ‘survivor’ will usually exclude representatives so that the last survivor of a class will take the whole share of one dying although others of the class have all died leaving issue. Shouler on Wills, Executors and Administrators, Sixth Edition Volume 2, Section 1060.” In re Estate of Gallop, 248 So.2d 686, 688 (Fla. 4th DCA 1971) (quoting Croft v. McKie, 235 S.C. 231, 237-38, 111 S.E.2d 210, 213-14 (1959)).
Thus,
“If a testamentary gift is made to a class of persons with a provision in favor of the ‘survivors’ upon the death of one of the members of the class during the testator’s lifetime, the surviving members of the class succeed to the entire interest. In other words, the interest of a member of a class who predeceases the testator will not pass in favor of his estate or in favor of his descendants, but inures to the benefit of the survivors of the class as specifically intended by the testator.”
2 T. Thomas & D. Smith, Florida Estates Practice Guide 22-3, 22-4 (1987).
Accordingly, the order under review is
Affirmed.