**In the Matter of the ESTATE OF Gladys Agnas KANE, Deceased.**

**William Robert BEATTIE and Barbara Jean Harshaw, Appellants,**

v.

**The TRUST COMPANY OF OKLA-HOMA, TULSA BRANCH, Personal Representative of the Estate of Glenys Isabell Lee, Deceased and Successor Personal Representative of the Estate of Gladys Agnas Kane, Deceased, as Substituted Party for Glenys Isabell Lee, Individually and as Personal Rep-resentative of the Estate of Gladys Ag-nas Kane, Deceased, Appellee.**

**No. 76634.**

**Court of Appeals of Oklahoma, Division No. 3.**

March 31, 1992.

J. Dennis Ryan, Edmond, for appellants.

J. Barlow Nelson, Tulsa, for appellee.

## OPINION

HUNTER, Judge:

Gladys Agnas Kane executed her last will and testament on November 17, 1976. Her will included provisions for her husband—Franklin Michael Kane, her only son—William Clarence Beattie, and her only daughter—Glenys Isabell Lee, but did not specifically mention her son's two children, the Appellants herein. The residuary clause of her will provided as follows:

I give, devise and bequeath all the rest, residue, and remainder of my property, whether it be real, personal or mixed, and wheresoever located, to my beloved husband, FRANKLIN MICHAEL KANE, to have and to hold as his property absolutely. If my husband is not living at the time of my death, then I direct that my estate be equally divided between my children, share and share alike. If my son, WILLIAM CLARENCE BEATTIE, is not living at the time of my death, then his share shall go to my daughter, GLENYS ISABELL LEE.

Gladys' husband and son predeceased her. Gladys died on February 18, 1990 and her will was admitted to probate, with her daughter, Glenys Isabell Lee named as personal representative of the estate. Appellants filed an Application for Shares as Omitted Grandchildren, in which they alleged that they were pretermitted heirs of Gladys and as such, are entitled to a statutory share of her estate. Glenys Isabell Lee objected on the ground that Gladys' residuary estate was specifically bequeathed to her. Upon hearing, the trial court found Appellants are not pretermitted heirs and that the residuary clause of the will shows that Gladys intended to omit Appellants from sharing in the estate. Appellants timely appealed. While on appeal, Glenys Isabell Lee died and the Trust Company of Oklahoma, Tulsa Branch, was appointed as personal representative of her estate, and has been substituted as a party in this appeal.

Appellants allege the trial court erred in finding they are not pretermitted heirs pursuant to 84 O.S.1991 § 132. Appellee counters that Section 132 does not apply to the present situation wherein grandchildren were precluded from consideration as actual heirs by a precedent heir, their father, at the time the will was executed.

■ We agree with Appellee that case law concerning this particular factual scenario is sparse and we find no Oklahoma law factually on point. Statutorily, 84 O.S. 1991 § 177 speaks to this situation, as follows:

If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in Section 8922.

The exception refers to 84 O.S.1991 § 142, which also provides:

When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator.

It is clear that the language in Section 177 "unless an intention appears to substitute some other in his place" was intended by the Legislature to control over the general language of Section 142, which becomes operative only in the event that the testator fails to make a substitute bequest in case of the death of the primary devisee.

■ The prime purpose in the construction of any will is to arrive at, and give effect to, the testator's intent. 84 O.S.1991 § 151. Here, Gladys anticipated the possibility that her son would predecease her and in such event, affirmatively chose her daughter Glenys Isabell Lee as a substitute devisee rather than her grandchildren. By naming Glenys to receive her residuary estate in the event her son died, Gladys intentionally omitted Appellants as heirs to her estate.

■ The trial court properly found that they were not pretermitted heirs under Section 132 because Appellants were not "children" or "issue of any deceased child" at the time Gladys executed the will. In *In re Barter's Estate*, 86 Cal. 441, 25 P.15 (Cal. 1890), the California Supreme Court considered the same question based upon their statute which was almost identical to Section 132, and held that in a situation where a will was executed in which the testator disinherited his daughter and gave all of his property to another child, the daughter's children could not take as pretermit-

ted heirs although their mother died before the testator and they were not mentioned in the will. The Court stated:

At the time this will was made and published, and provision made for his son Howard Barter, the mother of the contestants was alive, and they were not "the issue of any deceased child." Their mother, then living, was intentionally omitted from the will and unprovided for, and was not therefore protected by the statute. The object of that section is not to protect any grandchildren except those who, as presumptive heirs at law, would be entitled, had no will been made, to inherit at the time the will is published and made. That is the time when the children of the testator or the children of a deceased child are supposed, if not mentioned in the will, to have been omitted by oversight, because, at such time, their mother being dead, they would be presumptive heirs at law of the grandfather. But if, at the time the will was published, the mother had been living, she would have been an heir at law at her father's death, unless intentionally omitted from the will. The statute intended to put a child, or the children of a deceased child, on the same footing at the time when the will is made and published, and when the intentions of the testator are to control in the construction of his will. When the will in question was made the testator had no need to remember or mention the children of a living child, in order to prevent them from inheriting, at his death, as heirs at law.

25 P. at 16.

The residuary clause of Gladys' will clearly shows her intent to leave her estate to her daughter in the event her son predeceased her. Gladys did not intend for Appellants to share in her estate. As was stated in *In re Estate of Trickett*, 197 Cal. 20, 239 P. 406, 409:

The general scheme of the will and the intent of the testator, as manifested by the language of the will, compel the con-

clusion that the testator failed to provide for appellants, not because he was oblivious of their existence, but rather, because he did not desire them to share in his estate.

On appeal in a will contest case, we review and weigh the evidence and will not reverse the trial court's judgment unless it is clearly against the weight of the evidence. The trial court's judgment is hereby AFFIRMED.

AFFIRMED.

HANSEN, V.C.J., and JONES, J., concur.