In the Matter of the ESTATE OF Victor Paul FARRIS, Deceased.

Lorraine Farris SOLOMON, Personal Representative of the Estate of Victor Paul Farris, Deceased, LORRAINE FARRIS SOLOMON, EMIL P. FARRIS, MARQUITA HILT, and BRUCE M. FARRIS, Appellants,

v.

Bradley K. FARRIS, Peggy Blair, Edward M. Farris, Jr., and Suzanne F. Payne, Appellees.

No. 80320.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 2, 1993.

David Kline, Michael E. Burris, Kline & Kline, Oklahoma City, for appellants.

Richard L. Farris, Bourk and Farris, Oklahoma City, for appellees.

## OPINION

BAILEY, Judge:

Lorraine Farris Solomon, both individually and as personal representative of the estate of Victor Paul Farris, deceased (Decedent), together with Emil P. Farris, Marquita Hilt and Bruce M. Farris (collectively, Siblings), seek review of the Trial Court's order construing language of Decedent's Last Will and

Testament, and determining heirs. In this appeal, Siblings assert Decedent's Will clearly and unambiguously left Decedent's entire estate to Siblings to the exclusion of Bradley K. Farris, Peggy Blair, Edward M. Farris, Jr., and Suzanne F. Payne, nieces and nephews of Decedent (Nieces/Nephews).

In February 1990, Decedent—a lawyer—executed his Last Will and Testament on a pre-printed form, thereby devising his estate to his full brothers and sisters [1] "or the survivor of them." [2] In November 1991, one of the named beneficiaries, Edward M. Farris, M.D. (Brother), died leaving his children, Nieces/Nephews, as his sole and only lineal descendants.

Decedent died in April 1992, and on August 12, 1992, the Trial Court entered its order appointing Lorraine Farris Solomon as personal representative (PR) of Decedent's estate. On August 25, 1992, the Trial Court entered an order holding the phrase "or the survivor of them" ambiguous as used in Decedent's Will, the Court unable to ascertain from the language whether Decedent intended that the one-fifth interest devised to Brother should pass to Decedent's four "surviving" Siblings or to Nieces and Nephews, Brother's "survivors." Having so determined, the Trial Court further held, pursuant to 84 O.S. § 142, Nieces and Nephews each entitled to an equal share of the one-fifth

interest in Decedent's estate devised to Brother.[3] Siblings then commenced the instant appeal.

In November 1992, PR filed a motion to reconsider the order construing the Will and determining heirs, asserting newly discovered evidence.[4] The Trial Court heard the evidence and denied the motion. Siblings amended their petition in error, additionally appealing the Trial Court's order denying the motion to reconsider. We are therefore called on to determine whether the Trial Court erred in holding Decedent's Will ambiguous and determining Nieces/Nephews status as heirs under the "survivor" language of the Will.

Title 84 O.S.1991 § 177 provides if a devisee predeceases the testator, "the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in" 84 O.S. § 142. Section § 142 provides:

> When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee of legatee would have done had he survived the testator.

██ Under these statutes, therefore, lineal descendants of a devisee who predeceases

---

1. Decedent had several half-siblings.

2. The relevant portion of Decedent's Will provided:

> First. I am an unmarried person. I do hereby give all my estate to the following named (*see below) persons or the survivor of them in equal shares: Lorraine Solomon, nee Farris,

Edward M. Farris, M.D., Bruce M. Farris, Emil P. Farris, M.D., and Marquita Hilt, nee Farris.

3. The Trial Court thus entered its order determining Decedent's heirs and dividing Decedent's estate as follows:

| Name | Relationship to Decedent | Share of Estate |
|------|--------------------------|-----------------|
| Lorraine Farris Solomon | Sister | 1/5 |
| Bruce M. Farris | Brother | 1/5 |
| Emil P. Farris, M.D. | Brother | 1/5 |
| Marquita Hilt | Sister | 1/5 |
| Bradley K. Farris, M.D. | Nephew | 1/20 |
| Peggy Blair | Niece | 1/20 |
| Edward M. Farris, Jr. | Nephew | 1/20 |
| Suzanne F. Payne | Niece | 1/20 |

4. On motion to reconsider, Siblings tendered the pamphlet accompanying the pre-printed form will utilized by Decedent, advising use of that form to devise the estate to only "those beneficiaries who are alive at the time of [testator's] death [who] will divide your estate in equal shares."

the testator take the predeceased devisee's share unless the will expresses an intent to the contrary. This Court has previously construed these sections thusly:

> It is clear that the language in Section 177 "unless an intention appears to substitute some other in his place" was intended by the Legislature to control over the general language of Section 142, which becomes operative *only* in the event that the testator fails to make a substitute bequest in case of the death of the primary devisee.

*Matter of Estate of Kane,* 828 P.2d 997, 999 (Okl.App.1992).[5]

Although we find no Oklahoma cases construing the words "or the survivor of them" in a situation analogous to the present case, we note many other jurisdictions have entertained this precise issue with almost unanimous results: that a devise, bequest or legacy to named individuals or a specific class or group coupled with the words "or the survivor of them" restricts the bequest to only those individuals or members of the class or group who outlive the testator and excludes lineal descendants of a named individual or member of the class or group who predeceases the testator, barring the application of an anti-lapse statute. For example, the Court of Appeals in Florida held:

> [T]he authorities are generally to the effect that the word 'survivor' should be given its literal interpretation as meaning one who outlives another, one of two or more persons who live after the other or others have died.

*In re Estate of Gallop,* 248 So.2d 686, 688 (Fla.Dist.Ct.App.1971).[6]

In that case, the court concluded that the phrase "survivors of my cousins and half-sister" created a bequest only to the members of the named group who survived the testatrix and did not include the lineal descendants of any member of the group who predeceased the testatrix.[7]

In an Illinois case, the will at issue devised the estate to a brother, two sisters and a niece, "and to the survivor of them."[8] The brother and two sisters predeceased the testator but left issue. In reversing the lower court, the appellate court declared that to "survive" meant to live longer than, that the word "survivor" when used in the clause at issue was modified by the phrase "of them," manifestly referring to the brother, two sisters and the niece, and thus, the niece took the entire estate as the "survivor" of the group consisting of the brother, two sisters and niece.[9]

In a more recent Illinois case, the court specifically held that the term "survivor," when used in connection with a gift to a group or class of beneficiaries is, under common law, deemed to indicate the intention of the testator that should any member of the group or class predecease the testator, the share of the deceased beneficiary goes to the remaining members of the group or class rather than to the lineal descendants of the deceased beneficiary.[10]

Similarly, in a New York case the testator devised his entire estate to his named brothers and sisters or the survivor or survivors of them.[11] The court observed that a testator may bar application of an anti-lapse statute by evidence of a contrary testamentary intent, and the court thus found the testator, "by simple, formal and unambiguous language evidenced his intent that only the 'sur-

**5.** Emphasis added.

**6.** Citations omitted.

**7.** In so holding, the Florida court approved the explanation in *Shouler on Wills, Executors and Administrators* that "the word 'survivor' will exclude representatives so that the last survivor of a class will take the whole share of one dying although others of the class have all died leaving issue."

**8.** *Waugh v. Poiron,* 315 Ill.App. 78, 42 N.E.2d 138 (1942).

**9.** *Waugh,* 42 N.E.2d at 140.

**10.** *In re Estate of Kirchwehm,* 211 Ill.App.3d 1015, 156 Ill.Dec. 375, 570 N.E.2d 851 (1991).

**11.** *In re Robinson's Will,* 37 Misc.2d 546, 236 N.Y.S.2d 293 (Surrogate Ct.1963).

vivor or survivors' of the named brothers and sisters should share" in the testator's estate, holding that to excise from the will the survivorship clause would amount to rewriting the will.[12] While recognizing that the absence of words of survivorship would support the claims of the heirs of the deceased brother and sister because of the anti-lapse statute, the court held since the subject words were included:

> [S]ome meaning must be attributed to them—and the meaning is clear—that survivorship was a condition precedent to the receipt of the residuary estate. If the words are held to be devoid of any meaning, then this court would be rewriting the testator's will.

*In re Robinson's Will,* 37 Misc.2d 546, 236 N.Y.S.2d 293, 295 (Surrogate Ct.1963).

This is the same conclusion reached in another case in which the residuary clause devised the estate to two sisters and a brother "or to the survivor or survivors of them." The brother predeceased the testator. In construing the will, the court acknowledged the general rule that the word "survivor" should be given its literal interpretation as "one who outlives another," and that the word "survivors" when used to refer to a class "is limited to the individuals of such class and does not include their children."[13] In a similar case, the Michigan Supreme Court observed that if the testator intended to include the issue of any predeceased siblings, the testator could have anticipated the

contingency of death by providing for his siblings "children," "their issue" or "their heirs" rather than using the word "survivor".[14]

 Although Oklahoma has not construed the use of the word "survivor" in the same context as presented by the instant case, Oklahoma law prohibits judicial "rewriting" of a will.[15] Rather, the courts in construing a will must give effect to the intent of the testator to the fullest extent possible.[16] Further, the words used in a will "are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be collected, and that other can be ascertained." [17]

 In the present case, we are persuaded by the great weight of authority from other jurisdictions and hold that a testamentary devise or bequest to named individuals or a specified class or group coupled by the modifying phrase "or the survivor(s) of them" restricts the devise/bequest to the named individuals or the members of the group or class who outlive the testator and excludes the lineal descendants of any named individual or member of the group or class as a matter of law, unless the testator specifically provides otherwise. In the present case, Decedent devised his entire estate to his five named siblings "and to the survivor of them." We thus hold, under the above cited authority and as a matter of law, that Decedent clearly and unambiguously restricted the beneficiary class of the testamentary gifts to

**12.** Id.

**13.** *Porter v. Estate of Myrick,* 522 So.2d 99 (Fla. 1988) (citations omitted).

**14.** *Matter of Estate of Burruss,* 152 Mich.App. 660, 394 N.W.2d 466 (1986). *See, also, Carlson v. Carlson,* 39 Ill.App.3d 281, 350 N.E.2d 306 (1976) (child of testator's nephew not entitled to share in gift by testator to niece and nephew and his wife's nephew "or their survivors" where testator's nephew had predeceased him); *Mitchell v. Lowery,* 90 N.C.App. 177, 368 S.E.2d 7 (1988) (term "survivor" referred to individuals who survived testatrix and not to children of predeceased individuals); *Muzzall v. Lanford,* 776 S.W.2d 122 (Tenn.App.1989) (daughter of

predeceased member of class of beneficiaries consisting of brothers and sisters of testator was not "survivor" and therefore not entitled to share of estate as "survivor" clearly meant last living member of class).

**15.** *Matter of Estate of Baxter,* 798 P.2d 644 (Okl. App.1990).

**16.** 84 O.S.1991 § 151; *Crump v. Freeman,* 614 P.2d 1096 (Okl.1980); *Matter of Estate of Eversole,* 787 P.2d 470 (Okl.App.1989).

**17.** 84 O.S.1991 § 158; *Matter of Estate of Hixon,* 715 P.2d 1087 (Okl.1985).

his siblings who outlived Decedent.[18] We therefore conclude the Trial Court erred in holding Nieces/Nephews entitled to share in Decedent's estate as heirs of Decedent's deceased Brother.

The order of the Trial Court determining heirs is therefore REVERSED, and the cause REMANDED for entry of judgment consistent with this opinion.

HUNTER, P.J., and GARRETT, J., concur.

18. Our construction of the "survivor" language of Decedent's will stands further bolstered by the newly discovered evidence tendered on motion to reconsider, and heeds the mandate of this Court to determine and effectuate the intent of the testator, Decedent.