# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-608
LT Case No. 2018-11957-PRDL

_____

STEVEN CHAUNCY,

    Appellant,

    v.

DENNIS LEE GORDEN AND THE
ESTATE OF ADDISON WOOLLEN
MCNAIRY,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Margaret W. Hudson, Judge.

Thomas C. Allison, of Thomas C. Allison, P.A., Winter Park, and
Robin F. Hazel, of Hazel Law, P.A., Hollywood, for Appellant.

Jerry B. Wells, of Jerry B. Wells, P.L., Daytona Beach, for
Appellee.

November 3, 2023

HARRIS, J.

Addison McNairy passed away on August 31, 2018. A week
later, Appellant, Steven Chauncy, filed a petition for
administration of the decedent's estate, seeking to probate a will
McNairy purportedly executed in 2007 (the "2007 Will"). Shortly

thereafter, Appellee, Dennis Gorden, filed an adversarial petition seeking to probate a will executed by McNairy in 2018 (the "2018 Will"). Each side filed challenges and objections to the other's will. Following an evidentiary hearing, the court agreed with Gorden's position and found the 2007 Will to be invalid and admitted the 2018 Will to probate. Gorden successfully administered the estate, and in July 2022, the court granted his petition for discharge.

Three months later, Chauncy filed a petition to reopen the estate, alleging that Gorden committed fraud on the court by failing to disclose the existence of a 1998 will (the "1998 Will"). Chauncy attached a copy of the 1998 Will to his petition. That will named two beneficiaries: McNairy's brother, John, and his friend and companion, Nelegene Morgan.[1] Specifically, the terms of the 1998 Will provided:

> I do hereby give all my estate to the following named 2 person/persons or the survivor of them in equal shares:
>
> Nelegene Morgan
> John V. McNairy

Both named beneficiaries predeceased McNairy.

Gorden moved to dismiss the petition to reopen the estate, arguing in part that Chauncy lacked standing, as he was not an interested party under the 1998 Will. Again, the trial court agreed with Gorden, finding that the use of the word "survivor" in the 1998 Will referred to the survivor of the two persons named in the will, not the heirs of those persons. Finding that there was no way to amend the petition to create standing, the court dismissed Chauncy's petition with prejudice. This appeal followed.

"A trial court's order granting a motion to dismiss with prejudice is reviewed de novo." *Jordan v. Nienhuis*, 203 So. 3d 974,

---

[1] In his petition, Chauncy claimed to be the son and sole heir of Nelegene Morgan. Chauncy was not an heir or in any other way related to the decedent.

975 (Fla. 5th DCA 2016). Throughout this appeal, the parties have spent inordinate amounts of time arguing about the fraud allegations, whether a cause of action was sufficiently pled, and whether, if allowed to amend his petition, Chauncy could make a stronger case for fraud. In so doing, short shrift is given to the court's more basic and dispositive finding—that Chauncy is not an interested person under the 1998 Will and therefore he lacks standing to bring the action to reopen the estate and revoke the probate of the 2018 Will.

"[W]hether a person is an 'interested person' is an element that must be established by the petitioner seeking revocation of probate." *Gordon v. Kleinman*, 120 So. 3d 120, 121 (Fla. 4th DCA 2013) (quoting *Wehrheim v. Golden Pond Assisted Living Facility*, 905 So. 2d 1002, 1006 (Fla. 5th DCA 2005)). Because Appellant attached a copy of the 1998 Will to his petition to reopen and revoke probate, the trial court properly considered it in ruling on the motion to dismiss. *See K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL*, 48 So. 3d 889, 894 (Fla. 3d DCA 2010) ("It is well settled that the court must consider an exhibit attached to the complaint together with the complaint's allegations, and that the exhibit controls when its language is inconsistent with the complaint's allegations."). Lack of standing may be considered on a motion to dismiss if the defense appears on the face of the complaint or prior pleading. *See Wilmington Sav. Fund Soc'y, FSB v. Contreras*, 278 So. 3d 744, 748 (Fla. 5th DCA 2019).

Chauncy claims that when the 1998 Will left McNairy's estate to Nelegene and John "or the survivor of them," "survivor" means any heirs of the named beneficiaries, which includes himself as the son of Nelegene. The court below concluded that Chauncy incorrectly interprets this provision of the will. We agree. There was nothing in the will or other circumstances to show that the word 'survivor' intended to be given any meaning other than its common one. *See Porter v. Est. of Myrick*, 522 So. 2d 99, 100 (Fla. 3d DCA 1988). Generally, "the word 'survivor' should be given its literal interpretation as meaning one who outlives another, one of two or more persons who live after the other or others have died." *Id.* (quoting *In re Gallop's Est.*, 248 So. 2d 686, 688 (Fla. 4th DCA 1971)). The term 'survivor' "is limited to the individuals of such a class, and does not include their children." *Id.* Using the term

3

'survivor' will generally "exclude representatives so that the last survivor of a class will take the whole share of one dying although others of the class have all died leaving issue." *Id.*

Because Chauncy is not an interested person as a beneficiary under the 1998 Will, as he claimed, the trial court properly dismissed the complaint. And because it conclusively appears that there is no possible way for Chauncy to now plead his way into standing, the court did not abuse its discretion in refusing to grant leave to amend. *See Obenschain v. Williams*, 750 So. 2d 771, 772–73 (Fla. 1st DCA 2000).

AFFIRMED.

BOATWRIGHT, J., concurs.
LAMBERT, J., concurs with opinion.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

4

LAMBERT, J., concurring with opinion.

I fully agree with and thus concur in the majority opinion. As a matter of common law, because Chauncy's mother, Nelegene Morgan, died before the testator, her gift under the 1998 Will lapsed. *See Tubbs v. Teeple*, 388 So. 2d 239, 239 (Fla. 2d DCA 1980) ("When a legatee under a will predeceases the benefactor, the gift lapses." (citing *Drafts v. Drafts*, 114 So. 2d 473, 474 (Fla. 1st DCA 1959))).

Florida does have an "antilapse" statute—codified at section 732.603, Florida Statutes—that, to some extent, ameliorates the effect of a gift lapsing under the common law; but the statute provides no relief here to Chauncy. Under the version of section 732.603 in effect when McNairy executed his 1998 Will—or, for that matter, the current version of the statute—a gift would not lapse if the predeceased devisee was either the grandparent or the descendant of a grandparent of the testator. In such circumstances, and in the absence of a contrary intent appearing in the will, the descendants of the predeceased devisee would receive or inherit per stirpes in place of the deceased devisee. *See* § 732.603(1), Fla. Stat. (1998).

Morgan, however, is neither the grandparent nor a descendant of a grandparent of the testator. And with there being nothing in the 1998 Will to indicate that McNairy intended that his bequest to Morgan would not lapse or would otherwise pass to Morgan's descendants, such as Chauncy, if Morgan predeceased him, the probate court correctly dismissed the petition with prejudice.