W. HAROLD MITCHELL, EXECUTOR OF THE ESTATE OF DOVIE L. BOUNOUS v. OL-VIE C. LOWERY, DORIS S. PRIVETTE, PEGGY L. SALVAGE, ORIS STARKEY, TODD STONE, JAMES DANIEL LOWERY, ROGER LEE LOW-ERY, MARY NEIL VOGEL, JOANNE McMAHON, JACK ERWOOD, JR., AND FRANK ERWOOD

No. 8725SC1158

(Filed 17 May 1988)

1. **Wills § 44— per stirpes in equal shares—per capita distribution**
    The trial court correctly construed the portion of a will which devised property *"per stirpes*, in equal shares to eight people named . . . or the survivors thereof"* as making a devise in equal shares as tenants in common as to those of the eight named parties who survive the testatrix. Construing the article to direct a *per stirpes* distribution would require looking outside the will for a common ancestor through whom the representative shares of each of the eight parties could be determined; such an interpretation would conflict with testatrix's clear intent that each of the named parties receive an equal share in the property; and applying the *per stirpes* language to the heirs of any of the eight named parties who predeceased testatrix would mean giving the

phrase "or the survivors thereof" a meaning inconsistent with existing case law.

**2. Wills § 44— residuary clause—per capita or per stirpes distribution**

The trial court did not err by construing the residuary clause of a will which directed distribution of the residuary estate in equal shares to eight named people or the survivors thereof as devising equal shares to the named parties who survived testatrix.

**3. Wills § 73— action to construe will—findings and conclusions—correct**

The trial court did not err in a declaratory judgment action to construe a will by failing to make specific findings of fact as to the nature of the defect in the will, the qualifications of the party who drafted the will, or the familial relationships among testatrix and named beneficiaries in the will, or by including its conclusions of law as to two contested articles of the will in a single paragraph. The court's findings were sufficient to determine the questions raised as to the construction of the two contested articles and to support the court's conclusions of law as to the interest of the beneficiaries, and there is no authority for the argument that the court erred by failing to state separate conclusions of law as to each contested article.

APPEAL by defendants James Daniel Lowery, Roger Lee Lowery, Mary Neil Vogel, Joanne McMahon, Jack Erwood, Jr., and Frank Erwood from *Sitton (Claude S.), Judge.* Judgment entered 15 July 1987 in Superior Court, BURKE County. Heard in the Court of Appeals 7 April 1988.

This is a declaratory judgment action filed by the Executor of the Estate of Dovie L. Bounous (hereinafter testatrix), seeking construction of two provisions of testatrix's Will. Article IV of the Will provides the following:

Upon the death or inability of my sister, Drucilla V. Lowery, to occupy my homeplace as her residence for 2 continuous months, I devise said property, *per stirpes*, in equal shares to eight (8) people named: OLVIE C. LOWERY, DORIS S. PRIVETTE, JACK LOWERY, CARTHEL LOWERY, PEGGY L. SALVAGE, ORIS STARKEY, EDNA D. ERWOOD and TODD STONE, or the survivors thereof, in fee simple absolute.

Article V of the Will contains the following language:

Upon converting all of my real estate to cash, I direct my Executor to distribute my residuary estate in equal shares to eight (8) people named: OLVIE C. LOWERY, DORIS S. PRIVETTE, JACK LOWERY, CARTHEL LOWERY, PEGGY L.

SALVAGE, ORIS STARKEY, EDNA D. ERWOOD, and TODD STONE, or the survivors thereof, in fee simple absolute.

Testatrix died on 25 May 1986. Three of the eight parties named in Articles IV and V of the Will predeceased testatrix. Drucilla V. Lowery is deceased. Olvie C. Lowery, Doris S. Privette, Peggy L. Salvage, Oris Starkey, and Todd Stone (hereinafter appellees) survived testatrix.

The court below, after making findings of fact, concluded that Articles IV and V of testatrix's Will made bequests and devises to such of the eight named parties as survived testatrix in equal shares as tenants in common. The children of the three named parties who predeceased testatrix, James Daniel Lowery, Roger Lee Lowery, Mary Neil Vogel, Joanne McMahon, Jack Erwood, Jr., and Frank Erwood (hereinafter appellants), appeal.

*Haywood, Denny, Miller, Johnson, Sessoms and Patrick, by George W. Miller, Jr., and E. Elizabeth Lefler, for defendant-appellants James Daniel Lowery, Roger Lee Lowery, Mary Neil Vogel, Joanne McMahon, Jack Erwood, Jr., and Frank Erwood.*

*Patton, Starnes, Thompson, Aycock and Teele, P.A., by Thomas M. Starnes, for defendant-appellees Olvie C. Lowery, Doris S. Privette, Oris Starkey, Peggy L. Salvage, and Todd Stone.*

PARKER, Judge.

Appellants raise three issues for review by this Court: (i) whether the trial court erred in construing Article IV of testatrix's Will so that appellants are not entitled to share in the estate; (ii) whether the trial court erred in construing Article V of testatrix's Will so that appellants are not entitled to share in the estate; and (iii) whether the trial court erred in failing to make certain findings of fact as to the nature of the defect in the Will, as to the qualifications of the party who drafted the Will, and as to the familial relationships among testatrix and the eight persons named in Articles IV and V of the Will, and in failing to state separately its conclusions of law as to Article IV and Article V. We find no error and affirm the judgment of the court below.

[1] Whenever the meaning of a will or a part of a will is in controversy, the courts may construe the provision in question and

declare its meaning. *Wachovia Bank v. Livengood,* 306 N.C. 550, 552, 294 S.E. 2d 319, 320 (1982); *Eldridge v. Morgan,* 88 N.C. App. 376, 379, 363 S.E. 2d 197, 199 (1988). The court's fundamental duty is to effectuate the testator's intent insofar as that intent does not conflict with the law or with public policy. *Bank v. Goode,* 298 N.C. 485, 489, 259 S.E. 2d 288, 291 (1979); *Bank v. Carpenter,* 280 N.C. 705, 707, 187 S.E. 2d 5, 7 (1972). The intent that controls must be gleaned from the will as written in its entirety; every word has its purpose and, if possible, should be given meaning and harmonized with the rest. *Bank v. Goode,* 298 N.C. at 489, 259 S.E. 2d at 291; *Eldridge v. Morgan,* 88 N.C. App. at 379, 363 S.E. 2d at 199. However, where parts of the will are dissonant or create an ambiguity, the discord thus created must be resolved in light of the prevailing purpose of the entire instrument. *Bank v. Goode,* 298 N.C. at 489, 259 S.E. 2d at 291; *Eldridge v. Morgan,* 88 N.C. App. at 379, 363 S.E. 2d at 199. With these basic principles in mind, we examine the disputed provisions of the Will in the proceeding now before us.

Article IV of testatrix's Will devises property "*per stirpes,* in equal shares to eight (8) people named . . . or the survivors thereof . . . ." The term "*per stirpes*" "denotes the division of an estate by representation, a class taking the share to which the deceased whom they represent would have been entitled had he been living." *Trust Co. v. Bryant,* 258 N.C. 482, 485, 128 S.E. 2d 758, 761 (1963). *See also Walsh v. Friedman,* 219 N.C. 151, 161-62, 13 S.E. 2d 250, 256 (1941). The term "*per stirpes*" literally means by "roots or common stocks" and when used in law relates to a mode of distribution, indicating not who shall take, but the manner in which those who come within the class entitled to take shall take. *Walsh v. Friedman,* 219 N.C. at 161, 13 S.E. 2d at 256. Generally, a *per stirpes* distribution involves a taking by representation from an ancestor who is specifically referred to in the instrument, as where the children of a class of named beneficiaries are to receive the shares of their parents, *per stirpes,* by representation. *See Trust Co. v. Bryant, supra.*

The phrase "in equal shares," however, denotes a contrasting manner of division or distribution. Where beneficiaries "take directly under a bequest or devise as individuals and not in a representative capacity, and the testator provides that the division or distribution shall be in equal proportions, they take *per capita.*"

*Wooten v. Outland,* 226 N.C. 245, 248, 37 S.E. 2d 682, 684 (1946). *See also Dew v. Shockley,* 36 N.C. App. 87, 90, 243 S.E. 2d 177, 180, *disc. rev. denied,* 295 N.C. 465, 246 S.E. 2d 9 (1978) (a direction that the children of testator's brothers and sisters are to take "in equal shares" is clearly a *per capita* direction).

In the instant case, the issue then is raised as to testatrix's intent in using the apparently conflicting terms *"per stirpes"* and "in equal shares" in reference to the same devise. Our Supreme Court has addressed this issue in three cases, *Walsh v. Friedman, supra, Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404 (1949), and *Wachovia Bank v. Livengood, supra.*

In *Walsh v. Friedman,* testatrix's Codicil made a bequest to those of her four sons "as may be then living and the children then living of such as may have died *per stirpes,* in equal shares, absolutely." *Walsh,* 219 N.C. at 153, 13 S.E. 2d at 251. The Court concluded the term *per stirpes* indicated an intent to defeat what would otherwise have been a *per capita* distribution. *Id.* at 162, 13 S.E. 2d at 256. In *Lide v. Mears,* testator's Will directed that after a specified period following his death his estate "shall be equally divided between the heirs of my children, and they shall receive all of my property, both real, personal and mixed, *per stirpes." Lide,* 231 N.C. at 114, 56 S.E. 2d at 406. Without discussion, the Court concluded that this language directed the heirs of testator's children should take "by right of representation through their respective parents and not as individuals." *Id.* at 121, 56 S.E. 2d at 411.

In *Wachovia Bank v. Livengood,* testator's Will provided that at the termination of a trust created by the Will, the proceeds "shall . . . be paid over in equal shares to my nieces and Nephews per Stripes [sic]." *Wachovia Bank,* 306 N.C. at 551, 294 S.E. 2d at 320. The Court first distinguished *Walsh, supra,* and *Lide, supra,* in that the language construed in those two earlier cases referred to the devisees not as a named class in itself, such as "grandchildren," but by reference to their relationship to members of a named class, such as "children" of testator's sons or "heirs" of testator's children. *Wachovia Bank v. Livengood,* 306 N.C. at 553, 294 S.E. 2d at 321. The Court noted that "the words 'in equal shares' can only mean *per capita,*" and that the "equal shares" language "not only buttresses the *per capita* presumption, but

also indicates that the term *per stirpes* (which the testator spelled *per stripes*) was not intended to be given its technical meaning." *Id.* at 553, 294 S.E. 2d at 321. Based upon these considerations, the Court drew the following conclusion:

> We conclude that the testator did not intend to use the technical words "*per stirpes*" in their legal or technical sense as his use of the words "in equal shares" indicates otherwise. We therefore apply the general rule that where a bequest is to a class (here nieces and nephews) it takes *per capita* in the absence of clear language showing that the testator intended a different result.

*Id.* at 553, 294 S.E. 2d at 321. We find the *Wachovia Bank* case to be persuasive in our construction of Article IV in the Will being reviewed.

In this case, to construe Article IV as directing a *per stirpital* distribution to the eight named parties would require looking outside the Will for a common ancestor through whom the representative shares of each of the eight parties could be determined. This we are reluctant to do. *See Trust Co. v. Bryant*, 258 N.C. at 485, 128 S.E. 2d at 761. Moreover, such an interpretation would conflict with testatrix's clear intent that each of the named parties receive an "equal share" in the property. *See Wachovia Bank v. Livengood*, 306 N.C. at 553, 294 S.E. 2d at 321.

Appellants, however, contend that the "*per stirpes*" language applies to the heirs of any of the eight named parties who predeceased testatrix. We disagree.

Article IV of testatrix's Will devised the homeplace property to "eight (8) people named . . . or the survivors thereof . . . ." To reach the result urged by appellants, the Court would have to give the phrase "or the survivors thereof" a meaning inconsistent with existing case law. Interpreting similar language, our Supreme Court in *Hummell v. Hummell*, 241 N.C. 254, 85 S.E. 2d 144 (1954), rejected substantially the same argument made by appellants. In *Hummell*, testatrix's holographic will contained the following language:

> At my death I desere [sic] everything I I [sic] possess or may possess both real & personal or mixed to be equally

deveded [sic] between my children, Magdalene, Leslie Ray
Louis & Elizabeth Hummell Briggs or survivors . . . .

*Id.* at 254, 85 S.E. 2d at 144.

The issue before the Court in *Hummell* was "whether the gift
to the four named children *or survivors* carried the entire estate
to the three children of the testatrix who survived her, or wheth-
er the children of Leslie Ray Hummell, who predeceased the [tes-
tatrix], took the share intended for him." *Id.* at 255, 85 S.E. 2d at
145. The Court first defined the word "survivor" as "One who
outlives another; one who outlives another person, a time or an
event; one who continues to live after the death of those who
comprise his group." *Id.* at 255, 85 S.E. 2d at 145. The Court con-
cluded the construction was mandatory that only the three chil-
dren of testatrix who were living at the time of testatrix's death
could qualify as "survivors," and that the children of the son of
testatrix who predeceased testatrix were not entitled to the
share intended for their father. *Id.* at 258-59, 85 S.E. 2d at 147-48.

The Court's reasoning in *Hummell, supra,* is instructive in
construing the language at issue in this case. Therefore, we agree
with the trial court that Article IV of testatrix's Will makes a
devise in equal shares as tenants in common to those of the eight
named parties who survived testatrix, the appellees in this ap-
peal.

[2]  For the same reasons, distribution of the residuary estate in
Article V of testatrix's Will is likewise in equal shares to the
eight named parties who survived testatrix, or appellees. In Arti-
cle V, testatrix directs that her residuary estate be distributed
"in equal shares to eight (8) people named . . . or the survivors
thereof . . . ." As we stated earlier, the "equal shares" language
is a strong indication that testatrix intended to direct a *per capita*
distribution; this language reinforces the presumption of a *per
capita* distribution where a devise or bequest is made to named
individuals without reference to a common ancestor. *See Wacho-
via Bank v. Livengood,* 306 N.C. at 553, 294 S.E. 2d at 321. This
presumption is even stronger where, as in Article V, there is no
mention of a *per stirpes* distribution. Finally, Article V also con-
tains the phrase "or the survivors thereof," which requires that
members of the named class survive testatrix in order to qualify

as beneficiaries under that provision. *See Hummell v. Hummell,* 241 N.C. at 258-59, 85 S.E. 2d at 147-48.

[3]   Appellants' third and final contention involves the failure of the trial court to make specific findings of fact as to the nature of the defect in the Will, the qualifications of the party who drafted the Will, and the familial relationships among testatrix and those named in Articles IV and V of the Will. Appellants also assert that the trial court erred by including its conclusions of law as to Article IV and Article V in a single paragraph. These contentions are entirely without merit.

In actions tried upon the facts without a jury, the trial court must "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." G.S. 1A-1, Rule 52(a)(1). The trial court need not recite in its order every evidentiary fact presented at hearing, but only must make specific findings on the ultimate facts established by the evidence, admissions, and stipulations that are determinative of the questions raised in the action and essential to support the conclusions of law reached. *Quick v. Quick,* 305 N.C. 446, 452, 290 S.E. 2d 653, 658 (1982). In the instant case, the trial court's findings of fact were sufficient to determine the questions raised as to the construction of Articles IV and V of testatrix's Will and to support the court's conclusions of law as to the interests of the beneficiaries named in the disputed portions of the Will.

Moreover, Rule 52(a)(1) requires only that the trial court's findings of fact be distinguishable from its conclusions of law. *Highway Church of Christ v. Barber,* 72 N.C. App. 481, 483-84, 325 S.E. 2d 305, 307 (1985). Appellants cite no authority, and we can find none, to support their argument that the court erred in failing to state separate conclusions of law as to Article IV and Article V of testatrix's Will.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges WELLS and ORR concur.