IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-535

 No. COA20-861

 Filed 5 October 2021

 Forsyth County, Nos. 19 CVS 4115; 18 E 1233

 LAURA ELIZABETH (LAIL) TREADAWAY, BRADLEY CHARLES LAIL and
 GRAHAM SCOTT LAIL, Plaintiffs,

 v.

 CHARLES RAY PAYNE, individually, and BRYAN C. THOMPSON, as Public
 Administrator for the Estate of CHARLES MELTON MULL, Defendants.

 Appeal by defendant Charles Ray Payne from judgment and order entered 21

 July 2020 by Judge David L. Hall in Forsyth County Superior Court. Heard in the

 Court of Appeals 24 August 2021.

 Craige Jenkins Liipfert & Walker LLP, by William W. Walker, for plaintiffs-
 appellees.

 Crumpler Freedman Parker & Witt, by Stuart L. Brooks, for defendant-
 appellant Charles Ray Payne.

 ZACHARY, Judge.

¶1 Defendant-appellant Charles Ray Payne appeals from the trial court’s order

 and declaratory judgment determining that the will of Charles Melton Mull

 (“Testator”) contained a patent ambiguity; construing Testator’s intent to convey

 certain of his property to Plaintiffs-appellees Laura Treadaway, Bradley Lail, and

 Scott Lail (collectively, “Plaintiffs”); and concluding that Defendant was liable to

 Plaintiffs for conversion. After careful review, we affirm.
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 Background

¶2 This appeal concerns the trial court’s interpretation of the phrase “personal

 property” as used in Testator’s will. Specifically, at issue is the proper disposition of

 the funds and securities (collectively, “the contested property”) held in Testator’s

 Ameritrade investment account and Wells Fargo checking, savings, and brokerage

 accounts, as well as Testator’s interest in Furniture Enterprises of Hickory.

 Defendant argues that Testator’s will clearly evidences Testator’s intent to bequeath

 the contested property to him, while Plaintiffs argue that Testator intended that the

 contested property pass to them.

¶3 On 21 February 2018, Testator executed his last will and testament (the

 “Will”). In his Will, Testator appointed Defendant—with whom Testator had lived

 from 1994 to 2001 and again from 2015 until Testator’s death on 1 May 2018—to

 serve as the executor of his estate. Defendant is named in the Will as a beneficiary of

 Testator’s estate, as are Plaintiffs.

¶4 Throughout his Will, Testator repeatedly refers to his “personal property” or

 “personal possessions.” Article III of the Will first provides, in pertinent part:

 Subject to the special bequests in Article V, I bequeath and
 devise all my personal property, including my automobile,
 furniture, clothing, watches, rings, electronics, art and any
 currency which I may have on my person, in my home or in
 my automobile in fee simple to my partner, [Defendant].

 (Emphasis added).
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

¶5 Article III then directs the executor to sell the condominium in which

 Defendant and Testator resided no sooner than six months after Testator’s death,

 during which time the executor “shall be entitled to sell [Testator’s] personal

 possessions (which have not been listed herein as being devised to [Testator’s]

 partner, [Defendant]).” (Emphasis added). Article III continues:

 After the end of the said six months after my demise, I
 direct my Executor to sell all of my remaining personal
 possessions at the condominium; . . . .

 The net proceeds from the sale of the personal possessions
 and the condominium shall be used to fund my bequest set
 forth in Article V, with the remaining sale proceeds hereby
 devised in fee simple to my partner, [Defendant].

 (Emphases added).

¶6 Article IV names Plaintiffs—Testator’s niece and nephews—as the residuary

 beneficiaries of the Will:

 All the residue of the property which I may own at the time
 of my death, real or personal, tangible and intangible, of
 whatever nature and wheresoever situated, including all
 property which I may acquire or become entitled to after
 the execution of this will, including all lapsed legacies and
 devises, or other gifts made by this will which fail for any
 reason, I bequeath and devise, in fee simple in equal
 shares, subject to special bequests in Article V, to
 [Plaintiffs].

¶7 Article V sets forth the specific bequests referenced in Articles III and IV, items

 (a)–(i) of which constitute a series of bequests of specific sums of money to particular

 named individuals, together with other bequests of personal property:
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 j. I bequeath and devise any funds I may have at the time
 of my demise with the Winston-Salem Foundation, to the
 University of North Carolina School of the Arts in Winston-
 Salem, North Carolina, to be used for landscaping and
 outside art.

 k. I bequeath and devise any outstanding loan balance
 owed to me by Jeff Propst or his successors at the time of my
 demise in equal shares to [Plaintiffs].

 l. I direct that any motor vehicles I may own at the time of
 my demise be sold within thirty days of my demise. I
 bequeath and devise all of the net proceeds from the said
 sales to the University of North Carolina School of the Arts
 in Winston-Salem, North Carolina.

 (Emphases added).

¶8 Following Testator’s death on 1 May 2018, the Forsyth County Clerk of Court

 admitted the Will to probate, and on 4 June 2018, Defendant qualified as executor of

 the estate. In the fall of 2018, Defendant sold the condominium, used the proceeds

 from its sale to satisfy the Article V specific bequests, and transferred the net

 proceeds into a personal account in his name. Defendant also closed Testator’s Wells

 Fargo and Ameritrade accounts and transferred the proceeds from these accounts

 into his personal accounts.

¶9 On 10 July 2019, Plaintiffs filed a complaint in Forsyth County Superior Court,

 seeking a declaratory judgment as to whether the Will contained a patent ambiguity

 with regard to the meaning of the phrase “personal property” and whether the

 contested property passed to Plaintiffs as residuary beneficiaries under the
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 provisions of Article IV of the Will. Plaintiffs also asserted claims for conversion and

 breach of fiduciary duty, and moved the trial court for injunctive relief, requesting

 that the contested property be held in escrow pending resolution of the parties’

 dispute. On 15 July 2019, the trial court entered a consent order reflecting the parties’

 agreement that Defendant would freeze the accounts holding the contested property

 pending further order of the court.

¶ 10 On 16 September 2019, Defendant filed a motion to dismiss Plaintiffs’

 complaint. With the parties’ consent, the Clerk of Court removed Defendant as

 executor and appointed Bryan C. Thompson, the Public Administrator, to serve as

 administrator c.t.a. of the estate.1 Plaintiffs filed an amended complaint on 30

 October 2019, naming Thompson in his representative capacity as a party to this

 action, and then filed a motion for summary judgment the following day. On 14

 November 2019, Defendant filed a motion to dismiss the amended complaint. On 21

 November 2019, the trial court entered an order denying both Plaintiffs’ motion for

 summary judgment and Defendant’s motion to dismiss.

¶ 11 On 29 June 2020, the matter came on for trial in Forsyth County Superior

 Court before the Honorable David L. Hall. On 21 July 2020, the trial court entered

 its order and declaratory judgment in which it concluded, inter alia, that (1) the Will

 1 Thompson is a party to this action in his representative capacity only, and he has

 not participated in this appeal.
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 contained a patent ambiguity with respect to the phrase “personal property” as used

 in Articles III, IV, and V; (2) the contested property and Testator’s interest in

 Furniture Enterprises passed to Plaintiffs as residuary beneficiaries; and (3)

 Defendant was liable to Plaintiffs for conversion of the proceeds from Testator’s closed

 Wells Fargo and Ameritrade accounts. The trial court further determined that

 Defendant was not liable to Plaintiffs for breach of fiduciary duty. Defendant timely

 filed notice of appeal.

 Discussion

¶ 12 On appeal, Defendant argues that (1) the trial court erred by concluding that

 the Will contained a patent ambiguity requiring judicial construction, and (2) the trial

 court’s conclusions of law are not supported by the text of the Will or Testator’s

 circumstances at the time that the Will was executed.

 I. Standards of Review

¶ 13 “The interpretation of a will’s language is a matter of law.” Brawley v. Sherrill,

 267 N.C. App. 131, 133, 833 S.E.2d 36, 38 (citation omitted), appeal dismissed, 373

 N.C. 587, 835 S.E.2d 463 (2019). We review questions of law de novo. Id.

¶ 14 “The standard of review in declaratory judgment actions where the trial court

 decides questions of fact is whether the trial court’s findings are supported by any

 competent evidence. Where the findings are supported by competent evidence, the

 trial court’s findings of fact are conclusive on appeal.” Nelson v. Bennett, 204 N.C.
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 App. 467, 470, 694 S.E.2d 771, 774 (2010) (citation omitted). “Unchallenged findings

 of fact are presumed to be supported by competent evidence and are binding on

 appeal.” In re Estate of Harper, 269 N.C. App. 213, 215, 837 S.E.2d 602, 604 (2020)

 (citation and internal quotation marks omitted).

 II. Patent Ambiguity

¶ 15 Defendant argues that the trial court’s conclusion that the Will contained a

 patent ambiguity as to the phrase “personal property” is not supported by the text of

 the Will, is “speculative about Testator’s intent, and fails to adhere to our law’s

 principles of testamentary interpretation.” We disagree.

¶ 16 “Whenever the meaning of a will or a part of a will is in controversy, the courts

 may construe the provision in question and declare its meaning.” Mitchell v. Lowery,

 90 N.C. App. 177, 179–80, 368 S.E.2d 7, 8, disc. review denied, 323 N.C. 365, 373

 S.E.2d 547 (1988). It is well settled that “the intention of the testator is the polar star

 which is to guide in the interpretation of all wills, and, when ascertained, effect will

 be given to it unless it violates some rule of law, or is contrary to public policy.”

 Brawley, 267 N.C. App. at 133, 833 S.E.2d at 38 (citation omitted). “The

 interpretation of any will is as simple, or complicated, as its language. Where the

 language employed by the testator is plain and its import is obvious, the judicial chore

 is light work; . . . the words of the testator must be taken to mean exactly what they

 say.” Id. at 134, 833 S.E.2d at 38 (citation and internal quotation marks omitted).
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 “Resort to canons of construction is warranted only when the provisions of a will are

 set forth in unclear, equivocal, or ambiguous language.” Id.

¶ 17 “[W]here parts of the will are dissonant or create an ambiguity, the discord

 thus created must be resolved in light of the prevailing purpose of the entire

 instrument.” Mitchell, 90 N.C. App. at 180, 368 S.E.2d at 9. “In attempting to

 determine the testator’s intention, the language used, and the sense in which it is

 used by the testator, is the primary source of information, as it is the expressed

 intention of the testator which is sought.” Brawley, 267 N.C. App. at 133–34, 833

 S.E.2d at 38 (citation omitted). “To ascertain the intent of the testator, the will must

 be considered as a whole. If possible, meaning must be given to each clause, phrase

 and word. If it contains apparently conflicting provisions, such conflicts must be

 reconciled if this may reasonably be done.” Wachovia Bank & Tr. Co. v. Wolfe (Wolfe

 II), 245 N.C. 535, 537, 96 S.E.2d 690, 692 (1957).

¶ 18 In the present case, the trial court concluded that the Will contained a patent

 ambiguity “in its description and attempts to devise personal property,” with “several

 inconsistent passages that are mutually exclusive[.]” “[A] patent ambiguity occurs

 when doubt arises from conflicting provisions or provisions alleged to be repugnant.”

 Wachovia Bank & Tr. Co. v. Wolfe (Wolfe I), 243 N.C. 469, 478, 91 S.E.2d 246, 253

 (1956). “The meaning of the word ‘property’ and of the words ‘personal property’

 varies according to the subject treated . . . and according to the context.” Poindexter
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 v. Wachovia Bank & Tr. Co., 258 N.C. 371, 379, 128 S.E.2d 867, 874 (1963). “Courts

 have frequently held that the words ‘personal property’ are susceptible of two

 meanings: one, the broader, including all property which is the subject of ownership,

 except land or interests in land; the other, more restricted, oftentimes embraces only

 goods and chattels.” Id. at 379–80, 128 S.E.2d at 874. “These words, ‘personal

 property,’ have a popular meaning different from their technical meaning, and are

 frequently used as including goods and chattels only, and embracing such movable

 and tangible things as are the subject of personal use.” Id. at 380, 128 S.E.2d at 874.

¶ 19 Here, the trial court correctly determined that Testator’s Article III bequest of

 “all my personal property” to Defendant conflicts with other provisions of his Will.

 For instance, subsection (d) of Article III permits the executor “to sell [Testator’s]

 personal possessions (which have not been listed herein as being devised to

 [Testator’s] partner, [Defendant]).” This authorization suggests that Testator

 intended that there would be personal possessions that were not otherwise included

 as part of the bequest to Defendant of “all [Testator’s] personal property[.]” Similarly,

 Article III also directs the executor to sell “all [Testator’s] remaining personal

 possessions at the condominium” and to use the net proceeds from these sales to fund

 some of the specific bequests in Article V. However, the very existence of “remaining

 personal possessions at the condominium” is incompatible with a bequest of “all

 [Testator’s] personal property” to Defendant. In addition, the provisions of Article V,
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 subsection (l) are unquestionably inconsistent with the provisions of Article III

 bequeathing all of Testator’s personal property to Defendant. Subsection (l) expressly

 requires the sale of “any motor vehicles [Testator] may own at the time of [Testator’s]

 demise” and specifically directs that the net-sales proceeds be distributed to the

 University of North Carolina School of the Arts, while “[Testator’s] automobile” was

 left to Defendant in Article III.

¶ 20 That there is discord in the language employed by Testator in his Will is

 beyond cavil, and judicial construction was therefore appropriate to ascertain his

 intent, “in light of the prevailing purpose of the entire instrument.” Mitchell, 90 N.C.

 App. at 180, 368 S.E.2d at 9. Thus, the trial court did not err in concluding that the

 Will contained a patent ambiguity in the various provisions regarding Testator’s

 “personal property.” Having so concluded, we turn to Defendant’s second argument,

 concerning the trial court’s construction of the Will.

 III. Construction of the Will

¶ 21 In determining that the Will contained a patent ambiguity, the trial court

 made the following findings of fact, which Defendant challenges on appeal:

 47. The Will, in its description and attempts to devise
 personal property, contains several inconsistent passages
 that are mutually exclusive, including, without limitation,
 Article III, lines 1-4; Article III, paragraph two, subsection
 (d); Article III, paragraph three, lines 1-2; Article III,
 paragraph four (in its entirety); Article V, paragraph 1,
 lines 1-2 and Article V, subsections (j), (k), and (l).
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 48. The inconsistent descriptions of personal property as
 described herein, without limitation, cannot be construed,
 nor Testator’s intent be determined, without considering
 the circumstances attendant to the Testator and the Will.

¶ 22 These findings of fact are supported by competent evidence, and thus are

 conclusive on appeal. See Nelson, 204 N.C. App. at 470, 694 S.E.2d at 774. However,

 Defendant contends that these findings of fact are actually conclusions of law, to be

 reviewed de novo. “Whether a statement is an ultimate fact or a conclusion of law

 depends upon whether it is reached by natural reasoning or by an application of fixed

 rules of law.” Woodard v. Mordecai, 234 N.C. 463, 472, 67 S.E.2d 639, 645 (1951).

 This is a distinction without a difference here, where we have independently reached

 the same conclusions, as discussed above. Defendant’s challenge to these findings of

 fact is overruled.

¶ 23 Defendant further challenges that portion of the trial court’s finding of fact #49

 specifically construing Testator’s intent:

 f. The terms of the Will that are not ambiguous, as well as
 the circumstances attendant to the Testator’s life and the
 making of the Will, as found above by the undersigned,
 demonstrate that Testator intended that all other
 intangible personal property, including his interest in the
 family business Furniture Enterprises of Hickory, and
 monies and securities Testator had in investment accounts
 with Ameri[t]rade and Wells Fargo at the time of his death,
 pass to the residuary beneficiaries ([P]laintiffs), as set forth
 in Article IV, the Residue of Testator’s Estate[.]

¶ 24 Defendant generally challenges the trial court’s interpretation of Testator’s
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 intent, which the record reflects that the court gleaned from the text of the Will and

 “the circumstances attendant to the Testator’s life and the making of the Will[.]”

 Indeed, Defendant repeatedly refers to his contentions as the “plain text” or “plain

 language” interpretation of Testator’s Will. Consequently, he posits that no

 ambiguity exists, stating that “the trial court made no specific findings to justify the

 conclusion that the terms of the Will should be re-cast or to establish Plaintiffs should

 take the contested property.” However, we have already concluded that the text of

 the Will is patently ambiguous as to the personal property in question. Accordingly,

 there are no “re-cast” terms; there is only the trial court’s attempt to reconcile the

 “apparently conflicting provisions” of the Will as reasonably as may be done in

 discerning Testator’s intent. Wolfe II, 245 N.C. at 537, 96 S.E.2d at 692.

¶ 25 Further, Defendant does not challenge the preceding portions of finding of fact

 #49—subsections (a) through (e)—that detail the relevant, unambiguous provisions

 of the Will and explain Testator’s intent as to each of those provisions. The trial court

 meticulously analyzed Testator’s intent, as best it could be ascertained from the text

 of the Will’s unambiguous provisions and from the relevant attendant circumstances:

 a. Testator intended in Article III that Testator’s residence
 . . . (hereinafter referred to as “Residence”), which he
 shared with [D]efendant, be held in trust by [D]efendant
 upon Testator’s death for no fewer than six (6) months, and
 that [D]efendant thereafter sell the Residence in order to
 fund the special devises found in Article V, subsections (a)
 through (i), with the remaining proceeds from the sale of
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 the Residence to pass to [D]efendant in fee simple;

 b. Testator intended that [D]efendant be allowed to remain
 at the Residence, which Testator had shared with
 [D]efendant, for at least six (6) months after Testator’s
 death; Testator’s intention was to give [D]efendant
 flexibility to maximize the funds going to [D]efendant from
 the sale of the Residence;

 c. Testator intended that [D]efendant hold Testator’s items
 of tangible personal property, located in the Residence or
 on Testator’s person, in trust for no fewer than six (6)
 months following Testator’s death, including inherently
 personal items of tangible personal property such as
 Testator’s valuable fine art collection, personal effects in
 the Residence, cash money on Testator’s person or in the
 Residence, furnishings in the Residence, and other items of
 tangible personalty located in the Residence, in the event
 that those items of tangible personal property should be
 needed to fund Testator’s special devises listed in Article
 V, subsections (a) through (i), and if not needed to fund the
 special devises, pass to [D]efendant in fee simple;

 d. Testator specifically intended that certain intangible
 personal property, such funds held by the Winston-Salem
 Foundation, be distributed to the North Carolina School of
 the Arts upon Testator’s death, as provided in Article V,
 subsection (j);

 e. Testator specifically intended that certain intangible
 personal property, such as monies owed to Testator by Jeff
 Propst and reflected in the Promissory Note in favor of
 Testator . . . , pass to [P]laintiffs upon Testator’s death, as
 provided in Article V, subsection (k)[.]

¶ 26 These unchallenged findings of fact—which are binding on appeal, Harper, 269

 N.C. App. at 215, 837 S.E.2d at 604—support the trial court’s construction of

 Testator’s intent with respect to the contested property. The trial court’s thorough
 TREADAWAY V. PAYNE

 2021-NCCOA-535

 Opinion of the Court

 analysis reflects an examination of Testator’s intent that squares the initial bequest

 of all of Testator’s personal property, and the repeated conflicting bequests of

 Testator’s personal property thereafter, with Testator’s evident intent to leave certain

 intangible property, which the trial court determined included the contested

 property, to Plaintiffs. After careful review of the trial court’s analysis, we conclude

 that the trial court properly resolved the discord created by the patent ambiguity “in

 light of the prevailing purpose of the entire instrument.” Mitchell, 90 N.C. App. at

 180, 368 S.E.2d at 9. We are unpersuaded by Defendant’s arguments to the contrary.

 Accordingly, we affirm the trial court’s order and declaratory judgment.

 Conclusion

¶ 27 The trial court did not err in concluding that Testator’s Will contained a patent

 ambiguity as regards the contested property. Nor did the trial court err in

 interpreting Testator’s intent from the text of the Will and the relevant attendant

 circumstances. Thus, the trial court’s order and declaratory judgment is affirmed.

 AFFIRMED.

 Judges MURPHY and GORE concur.